# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT ROMAN,<br><br>Plaintiff,<br><br>v.<br><br>AXA ADVISORS, LLC,<br><br>Defendant. | Civil Action No.: 16-cv-02863 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint With Prejudice For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(B)(6) (ECF No. 37).

On January 25, 2017, the Court dismissed Counts II through VII with prejudice. Count I was dismissed without prejudice, and Plaintiff was allowed to amend Count I of the complaint again. Accordingly, Plaintiff filed a Second Amended Complaint ("SAC") (Dkt. No. 30) and Defendant filed this motion to dismiss. (Dkt. No. 37).

According to the SAC, on January 4, 2002, Plaintiff signed an employment contract with AXA. (SAC at ¶ 7). Plaintiff worked as a financial adviser, and during his career he was awarded commendations by AXA for his superior work. (SAC ¶ 8). Roman alleges that he was "pressured, encouraged and forced to make fraudulent and unethical misrepresentations to clients with regard to the value, quality and expenses of AXA proprietary products. [Roman] viewed these representations as false and detrimental to his clients." (SAC ¶ 15). Roman alleges that the "employment of manipulative and deceptive devices is prohibited under federal law6". 15 U.S.C. §78J. (SAC ¶ 14). Plaintiff further alleges that Mr. Coppolla instructed plaintiff to push AXA

"proprietary business." However, the Complaint does not set forth any facts about the nature of any deceptive device, or the misrepresentations he was coerced to communicate to clients.

Roman was terminated after he received a "letter of reprimand and fine," based on a document integrity issue. Roman alleges that this reprimand was a ruse to terminate Roman's relationship with AXA because he was not selling or marketing AXA's products to clients.

Plaintiff grounds his complaint on *Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58, (1980), because Roman was coerced to deceive clients and disclose misrepresentations of AXA's products to customers and fellow financial advisors in violation of public policy.

## LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not

whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S. Ct. 1091 (2001).

The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations and quotations omitted).

With respect to Count I, there are three issues. Generally, the wrongful discharge doctrine is grounded in public policy and is designed to protect employees from injury when an employee does not undertake an action that violates a clear mandate of public policy. *Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58 (1980). Since *Pierce* is limited to protecting employees, the first issue is whether Roman was an employee of AXA Advisors at the time of the termination. See, *McDougall v. Weichert*, 144 N.J. 380, 388 (1996). That is, whether Roman's responsibility as a financial advisor is akin to an employer/employee relationship, rather than an independent contractor as AXA alleges. The complaint should set forth more facts about Roman's alleged employment relationship. Second, the complaint should more specifically set forth the clear mandate of public policy Roman was forced to violate.

The *Pierce* Court held:

> An employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy. The sources of public policy include legislation; administrative rules, regulations or decisions; and judicial decisions. In certain instances, a professional code of ethics may contain an expression of public policy. (*Pierce*, 84 N.J. at 72).

Plaintiff should more particularly allege the "clear mandate of public policy" he was forced to violate.

Third, the complaint fails to allege any particular deceptive device(s) or misrepresentation(s) that AXA was allegedly requiring Roman to disclose to clients. The complaint should plausibly state the clear mandate or public policy, and state the facts supporting violation of the public policy.

In order to maintain a common law wrongful discharge claim under *Pierce*, a plaintiff must identify the clear mandate of public policy allegedly violated by the employee's discharge. *See Tartaglia v. UBS PaineWebber Inc.*, 197 N.J. 81, 112 (2008); *MacDougall*, 144 N.J. at 391. "If an employee does not point to a clear expression of public policy the court can grant a motion to dismiss." *Pierce*, 84 N.J. at 73. Here, the SAC asserts, in conclusory fashion, that AXA used deceptive devices and that Roman was "pressured to make fraudulent and unethical misrepresentations to clients with regard to the value, quality, and expenses of AXA proprietary products," without providing any factual support as to the specifics of his claim. (*See* SAC at ¶¶ 10-13). The complaint should plausibly address the nature of the misrepresentations that Roman was required to disclose, as well as when such actions occurred. A general disagreement between Copolla and Roman over which product is superior may be an insufficient basis to give rise to a Pierce claim.

As *Pierce* notes:

> Employees who are professionals owe a special duty to abide not only by federal and state law, but also by the recognized codes of ethics of their professions. That duty may oblige them to decline to perform acts required by their employers. However, an employee should not have the right to prevent his or her employer from pursuing its business because the employee perceives that a particular business decision violates the employee's personal morals, as distinguished from the recognized code of ethics of the employee's profession. (*Pierce*, 84 N.J. at 72).

Since the SAC does not allege sufficient facts to demonstrate a *Pierce* claim, the motion to dismiss is granted, but Plaintiff may again amend the complaint within thirty days.

ORDER

IT IS on this 1st day of June, 2017;

ORDERED that the motion to dismiss the complaint for failure to state a claim is granted; and it is further

ORDERED that Plaintiff may amend the Complaint within thirty days.

_____
PETER G. SHERIDAN, U.S.D.J.